IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-00650-BNB

FERNANDO BENEVIDEZ MARTINEZ, JR.,

Applicant,

v.

WARDEN SUSAN JONES, and
THE ATTORNEY GENERAL OF THE STATE OF [COLORADO] JOHN SUTHERS,

Respondents.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

JUL 24 2008

GREGORY C. LANGHAM
                    CLERK

ORDER OF DISMISSAL

Applicant, Fernando Benevidez Martinez, Jr., is a prisoner in the custody of the Colorado Department of Corrections (DOC) who currently is incarcerated at the Buena Vista, Colorado, correctional facility. Mr. Martinez filed *pro se* an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging the validity of his conviction in Adams County, Colorado, district court.

In an order filed on May 20, 2008, Magistrate Judge Boland ordered Respondents to file a Pre-Answer Response limited to addressing the affirmative defenses of timeliness under 28 U.S.C. § 2244(d) and/or exhaustion of state court remedies under 28 U.S.C. § 2254(b)(1)(A). On June 3, 2008, Respondents filed their Pre-Answer Response asserting that the instant action is barred by the one-year limitation period. On June 24, 2008, Applicant filed a Reply to the Pre-Answer Response.

The Court must construe liberally the habeas corpus application filed by Mr. Martinez because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the Court will dismiss the action as barred by the one-year limitation period.

Following a jury trial, Mr. Martinez was convicted in Adams County District Court Case No. 95CR1437 of possession with intent to distribute and conspiracy to distribute twenty-eight grams or more of cocaine. His convictions were affirmed on appeal in *People v. Martinez*, No. 98CA271 (Colo. Ct. App. Jan. 20, 2000) (not selected for publication). Certiorari review was denied on June 26, 2000. Mr. Martinez does not allege that he appealed to the United States Supreme Court.

On June 15, 2001, he filed a postconviction motion to correct illegal sentence pursuant to Rule 35(a) and (c) of the Colorado Rules of Criminal Procedure, which both Respondents and Applicant agree was denied on July 21, 2001. Although it appears from Pre-Answer Response exhibits H at 2 and T at 17 that the trial court denied the Colo. R. Crim. P. 35(a) and (c) motion on October 25, 2001, this discrepancy does not affect the calculation of the one-year limitation period. Mr. Martinez did not appeal from the denial of the motion.

On August 5, 2002, Mr. Martinez filed a postconviction motion seeking to reverse his convictions. On September 10, 2002, the district court denied the motion. In *People v. Martinez*, No. 03CA451 (Colo. Ct. App. Jan. 20, 2005), the Colorado Court

of Appeals reversed the district court's order and remanded for a hearing on Mr. Martinez's claim that he was deprived of his right to the effective assistance of counsel due to a conflict of interest.

Following a hearing, the district court denied Mr. Martinez's postconviction motion, and Mr. Martinez appealed. *In People v. Martinez*, No. 06CA244 (Colo. Ct. App. Aug. 16, 2007) (not selected for publication), the state appeals court affirmed the district court's decision. Certiorari review was denied on January 22, 2008. The instant habeas corpus action was received for filing on March 24, 2008.

As noted above, Respondents contend that this action is barred by the one-year limitation period in 28 U.S.C. § 2244(d). That statute provides as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been

> discovered through the exercise of due
> diligence.
>
> (2) The time during which a properly filed application for
> State post-conviction or other collateral review with respect
> to the pertinent judgment or claim is pending shall not be
> counted toward any period of limitation under this
> subsection.

28 U.S.C. § 2244(d).

The Court first must determine when the one-year limitation period began to run. Although Mr. Martinez did not file a petition for writ of certiorari in the United States Supreme Court on direct appeal, he had ninety days after the Colorado Supreme Court denied certiorari review on June 26, 2000, 1998, to do so. *See* Sup. Ct. R. 13. Therefore, figuring from June 27, 2000, the day after the Colorado Supreme Court denied his certiorari petition, his conviction became final on September 25, 2000, when the time for seeking review in the United States Supreme Court expired. *See Rhine v. Boone*, 182 F.3d 1153, 1155 (10th Cir. 1999).

Mr. Martinez does not allege that unconstitutional state action prevented him from filing the instant action sooner, that he is asserting any constitutional rights newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review, or that he could not have discovered the factual predicate for his claims at the time he was convicted and sentenced. Therefore, the one-year limitation period began to run on September 26, 2000, the day after his conviction became final. Mr. Martinez did not submit his application to this Court until March 24, 2008.

Respondents concede that the one-year limitation period was tolled while the postconviction motions Mr. Martinez filed were pending in state court, and the Court

4

agrees. Therefore, the period from June 15, 2001, to July 21, 2001, when the Colo. R. Crim. P. 35(a) and (c) postconviction motion was pending in state court, plus the period from July 22, 2001, to September 4, 2001, the forty-five days during which Mr. Martinez could have sought an appeal under state law, *see Gibson v. Klinger*, 232 F.3d 799, 804 (10th Cir. 2000), *see also* Colo. App. R. 4(b), does not count against the one-year limitation period. Likewise, the period from August 5, 2002, when Mr. Martinez filed the postconviction motion seeking to reverse his convictions, until January 22, 2008, during which the district court denied the motion, the state appeals court reversed and remanded for a hearing, the district court again denied the motion, the state appeals court affirmed, and the state supreme court denied certiorari review, also does not count against the one-year limitation period.

However, the 263 days after the judgment of conviction became final on September 25, 2000, and before the Colo. R. Crim. P. 35(a) and (c) motion was filed on June 15, 2001, count against the one-year limitation period. In addition, the gap of 335 days from September 4, 2001, when Mr. Williams could have sought an appeal under state law, until August 5, 2002, when Mr. Martinez filed the postconviction motion seeking to reverse his convictions, counts against the one-year limitation period. Finally, the 62 days from January 22, 2008, when certiorari review was denied until March 24, 2008, when Mr. Martinez's habeas corpus application was received for filing in this Court, count against the one-year limitation period. As a result, the Court finds that a total of 660 days count against the one-year limitation period, and the instant

action is time-barred in the absence of some other reasons to toll the one-year limitation period.

The one-year limitation period in 28 U.S.C. § 2244(d) is not jurisdictional and may be tolled for equitable reasons in appropriate extraordinary situations when circumstances beyond a prisoner's control make it impossible to file the habeas corpus application on time. *See Miller v. Marr*, 141 F.3d 976, 978 (10th Cir. 1998). In addition, equitable tolling may be appropriate if the inmate is actually innocent or if the inmate actively pursues judicial remedies but files a defective pleading within the statutory period. *See Gibson*, 232 F.3d at 808. However, simple excusable neglect is not sufficient to support equitable tolling. *See id.* Furthermore, equitable tolling is appropriate only if the inmate pursues his or her claims diligently. *See Miller*, 141 F.3d at 978. Finally, Mr. Martinez bears the burden of demonstrating that equitable tolling is appropriate in this action. *See id.*

Mr. Martinez fails to allege any facts that might justify equitable tolling of the one-year limitation period. Therefore, the Court finds that Mr. Martinez fails to demonstrate that equitable tolling is appropriate, and the instant action will be dismissed as barred by the one-year limitation period. Accordingly, it is

ORDERED that the habeas corpus application is denied and the action is dismissed because it is barred by the one-year limitation period in 28 U.S.C. § 2244(d). It is

FURTHER ORDERED that the motion for appointment of counsel filed with the Court on June 24, 2008, is denied as moot.

DATED at Denver, Colorado, this 23 day of July, 2008.

BY THE COURT:

/s/ Zita Weinshienk
ZITA L. WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 08-cv-00650-BNB

Fernando Benevidez Martinez
Prisoner No. 95883
Buena Vista Corr. Facility
PO Box 2017
Buena Vista, CO 81211

    I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 7/24/08

GREGORY C. LANGHAM, CLERK

By: _____
           Deputy Clerk